# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 11-322V
### (Not to be published[1])

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |
|---|---|
| JODI M. ROWE, as Personal Representative of the Estate of PATRICIA CARTER HYDE | |
| Petitioner, | Filed: October 28, 2013 |
| v. | Decision by Stipulation; Damages; Influenza Vaccine; Transverse Myelitis (TM) |
| SECRETARY OF HEALTH AND HUMAN SERVICES | |
| Respondent. | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## DECISION

**HASTINGS,  Special Master**.

This is an action seeking an award under the National Vaccine Injury Compensation Program[2] on account of an injury suffered by Patricia Carter Hyde, which eventually led to her death.  On October 25, 2013, counsel for both parties filed a Stipulation, stipulating that a decision should be entered granting compensation. The parties have stipulated that petitioner shall receive the following compensation:

*Lump Sum*

Respondent shall make a lump sum payment of $235,000.00, in the form of a check payable to Jodi M. Rowe, as Personal Representative of the Estate of Patricia Carter Hyde. This

---

[1]  Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in § 300aa-12(d)(4)(B).  Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision.  If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2]  The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10   *et seq.* (2006 ed.).  Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2006 ed.).

amount represents compensation for all damages that are available under 42 U.S.C. §300aa-15(a).

Under the statute governing the Program, as well as the "Vaccine Rules" adopted by this court, the special master must now enter a decision endorsing that stipulation, and the clerk must enter judgment, in order to authorize payment of the award. See § 300aa-12(d)(3)(A) and (e)(3); § 300aa-13(a); Vaccine Rules 10(a), 11(a).[3]

I have reviewed the file, and based on that review, I conclude that the parties' stipulation appears to be an appropriate one. Accordingly, my decision is that a Program award shall be in the form of a lump sum payment, as provided above. In the absence of a timely-filed motion for review of this Decision, the clerk shall enter judgment in accordance herewith.

**IT IS SO ORDERED.**

/s/ George L. Hastings, Jr**.**
George L. Hastings, Jr.
Special Master

---

[3] The "Vaccine Rules of the United States Court of Federal Claims" are found in Appendix B of the Rules of the United States Court of Federal Claims.